IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALTPASS LLC § <br> § <br> v. § <br> § Case No. 2:20-CV-0105-JRG <br> ONEPLUS TECHNOLOGY (SHENZHEN) § <br> CO., LTD. § | |

**DEFENDANT ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD ANSWER,
DEFENSES, AND COUNTERCLAIMS**

Defendant OnePlus Technology (Shenzhen) Co., LTD. ("OnePlus") responds to Altpass LLC's Complaint as follows. Any allegation OnePlus does not expressly admit is denied.

**THE PARTIES[1]**

1.     On information and belief, OnePlus admits that Plaintiff purports to be a Texas limited liability company with its principal place of business at 106 E 6th St., Suite 900, Austin, TX 78701.

2.     OnePlus admits the allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.     OnePlus admits that Plaintiff purports to bring a claim for patent infringement under the United States Patent Laws, 35 U.S.C. § 271, *et. seq.* OnePlus admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

4.     OnePlus admits it transacts business within the State of Texas but denies that this venue is the most convenient venue. OnePlus denies it has committed any acts of infringement in this or any judicial district and denies the remaining allegations of Paragraph 4 of the

---

[1] The headings in the Complaint are reproduced here solely for ease of reference. OnePlus expressly denies any allegations inherent in those headings.

Complaint.

5. Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is require, OnePlus denies the allegations of Paragraph 5, except that OnePlus, for this purposes of this action only, does not contest that the Eastern District of Texas has personal jurisdiction over OnePlus in this action.

### U.S. PATENT NO. 7,350,078

1. [2]OnePlus admits that the title appearing on the face of U.S. Patent No. 7,350,078 (the "'078 patent") is "User Selection of Computer Login" and that the '078 patent bears, on its face, an issue date of March 25, 2008, and that a purported copy was attached to the Complaint.

2. OnePlus admits that the '078 patent states, on its face, Gary Odom is the inventor.

3. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 3 and, on that basis, denies them.

4. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 4 and, on that basis, denies them.

### U.S. PATENT NO. 7,725,725

5. OnePlus admits that the title appearing on the face of U.S. Patent No. 7,725,725 (the "'725 patent") is "User-Selectable Signatures" and that the '725 patent bears, on its face, an issue date of May 25, 2010, and that a purported copy was attached to the Complaint.

6. OnePlus admits that the '725 patent states, on its face, Gary Odom is the inventor.

7. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 7 and, on that basis, denies them.

8. OnePlus lacks sufficient knowledge and information to form a belief about the

---

[2] This Answer's formatting and numbering is based on the Complaint for ease of reference.

truth of the allegations in Paragraph 8 and, on that basis, denies them.

## U.S. PATENT NO. 8,429,415

9. OnePlus admits that the title appearing on the face of U.S. Patent No. 8,429,415 (the "'415 patent") is "User-Selectable Signatures" and that the '415 patent bears, on its face, an issue date of April 23, 2013, and that a purported copy was attached to the Complaint.

10. OnePlus admits that the '415 patent states, on its face, Gary Odom is the inventor.

11. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 11 and, on that basis, denies them.

12. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 12 and, on that basis, denies them.

## COUNT I
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,350,078

13. OnePlus incorporates its responses to each preceding paragraph as if fully set forth herein.

14. OnePlus admits that the face of U.S. Patent 7,350,078 (the "'078 patent") contains the title "User Selection of Computer Login." OnePlus admits that the face of the '078 patent states the "Date of the Patent" as "Mar. 25, 2008" and lists the "Inventor" as "Gary Odom." Except as expressly admitted, the allegations contained in Paragraph 13 of the complaint are denied.

15. OnePlus denies the allegations of Paragraph 14 of the Complaint.

16. OnePlus denies the allegations of Paragraph 15 of the Complaint.

17. OnePlus denies the allegations of Paragraph 16 of the Complaint.

18. OnePlus denies the allegations of Paragraph 17 of the Complaint.

19. OnePlus denies the allegations of Paragraph 18 of the Complaint.

20. OnePlus denies the allegations of Paragraph 19 of the Complaint.

21. OnePlus denies the allegations of Paragraph 20 of the Complaint.

22. OnePlus denies the allegations of Paragraph 21 of the Complaint.

23. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 22 and, on that basis, denies them.

24. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 23 and, on that basis, denies them.

## COUNT II
## [ALLEGED] INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,350,078

25. OnePlus incorporates its responses to each preceding paragraph as if fully set forth herein.

26. OnePlus admits that the face of U.S. Patent 7,350,078 (the "'078 patent") contains the title "User Selection of Computer Login."  OnePlus admits that the face of the '078 patent states the "Date of the Patent" as "Mar. 25, 2008" and lists the "Inventor" as "Gary Odom." Except as expressly admitted, the allegations contained in Paragraph 24 of the complaint are denied.

27. OnePlus admits the allegations of Paragraph 25 of the Complaint.

28. OnePlus denies the allegations of Paragraph 26 of the Complaint.

29. OnePlus denies the allegations of Paragraph 27 of the Complaint.

30. OnePlus denies the allegations of Paragraph 28 of the Complaint.

31. OnePlus denies the allegations of Paragraph 29 of the Complaint.

32. OnePlus denies the allegations of Paragraph 30 of the Complaint.

33. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 31 and, on that basis, denies them.

## COUNT III
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,725,725

34. OnePlus incorporates its responses to each preceding paragraph as if fully set forth herein.

35. OnePlus admits that the face of U.S. Patent 7,725,725 (the "'725 patent") contains the title "User-Selectable Signatures."  OnePlus admits that the face of the '725 patent states the "Date of the Patent" as "May 25, 2010" and lists the "Inventor" as "Gary Odom."  Except as expressly admitted, the allegations contained in Paragraph 32 of the complaint are denied.

36. OnePlus denies the allegations of Paragraph 33 of the Complaint.

37. OnePlus denies the allegations of Paragraph 34 of the Complaint.

38. OnePlus denies the allegations of Paragraph 35 of the Complaint.

39. OnePlus denies the allegations of Paragraph 36 of the Complaint.

40. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 37 and, on that basis, denies them.

## COUNT IV
## [ALLEGED] INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,725,725

41. OnePlus incorporates its responses to each preceding paragraph as if fully set forth herein.

42. OnePlus admits that the face of U.S. Patent 7,725,725 (the "'725 patent") contains the title "User-Selectable Signatures."  OnePlus admits that the face of the '725 patent states the "Date of the Patent" as "May 25, 2010" and lists the "Inventor" as "Gary Odom."  Except as expressly admitted, the allegations contained in Paragraph 38 of the complaint are denied.

43. OnePlus admits the allegations of Paragraph 39 of the Complaint.

44. OnePlus denies the allegations of Paragraph 40 of the Complaint.

45. OnePlus denies the allegations of Paragraph 41 of the Complaint.

46. OnePlus denies the allegations of Paragraph 42 of the Complaint.

47. OnePlus denies the allegations of Paragraph 43 of the Complaint.

48. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 44 and, on that basis, denies them.

49. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 45 and, on that basis, denies them.

## COUNT V
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,429,415

50. OnePlus incorporates its responses to each preceding paragraph as if fully set forth herein.

51. OnePlus admits that the face of U.S. Patent 8,429,415 (the "'415 patent") contains the title "User-Selectable Signatures."  OnePlus admits that the face of the '725 patent states the "Date of the Patent" as "Apr. 23, 2013" and lists the "Inventor" as "Gary Odom."  Except as expressly admitted, the allegations contained in Paragraph 46 of the complaint are denied.

52. OnePlus denies the allegations of Paragraph 47 of the Complaint.

53. OnePlus denies the allegations of Paragraph 48 of the Complaint.

54. OnePlus denies the allegations of Paragraph 49 of the Complaint.

55. OnePlus denies the allegations of Paragraph 50 of the Complaint.

56. OnePlus denies the allegations of Paragraph 51 of the Complaint.

57. OnePlus denies the allegations of Paragraph 52 of the Complaint.

58. OnePlus denies the allegations of Paragraph 53 of the Complaint.

59. OnePlus denies the allegations of Paragraph 54 of the Complaint.

60. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 55 and, on that basis, denies them.

61. OnePlus lacks sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 56 and, on that basis, denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

OnePlus denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, or any relief in any form from either the court or from OnePlus.

## DEMAND FOR RELIEF

OnePlus admits that Plaintiff demands a trial by jury on all issues so triable in this action. OnePlus also demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and without assuming any burden it would not otherwise bear, OnePlus currently asserts the following defenses to Plaintiff's Complaint:

### First Affirmative Defense

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. OnePlus does not infringe and has not directly infringed (either literally, under the doctrine of equivalents, or under the reverse doctrine of equivalents), induced infringement of, or contributed to the infringement of any valid and enforceable claim of the '078, '725, or '415 patents.

### Third Affirmative Defense

3. The claims of the '078, '725, and '415 patents are invalid under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

4. The claims of the '078, '725, and '415 patents are invalid under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

5. The claims of the '078, '725, and '415 patents are invalid under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

6. The claims of the '078, '725, and '415 patents are invalid for failure satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

### Fourth Affirmative Defense

7. By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent applications that led to the issuance of the '078, '725, and '415 patents, Plaintiff's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel.  To the extent Plaintiff's alleged claim for infringement of any of the asserted patents in the Complaint is based on the doctrine of equivalents, Plaintiff is barred under the doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and Plaintiff is estopped from claiming that the asserted patents cover any accused method, system, and/or product.

### Fifth Affirmative Defense

8. On information and belief, Plaintiff's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

### Sixth Affirmative Defense

9. On information and belief, Plaintiff's claims are barred, in whole or in part, because OnePlus is not liable for the acts of others over whom it has no control.

**Seventh Affirmative Defense**

10. Plaintiff is limited in its right to seek damages due to a failure to mark products covered by any of the asserted patents in the Complaint, including but not limited to products covered by any of the asserted patents in the Complaint made, used, offered for sale, or sold by Plaintiff, and prior and current assignees and licensees of any of the asserted patents in the Complaint.

**Eighth Affirmative Defense**

11. Plaintiff is barred, in whole or in part, under principles of equity, including waiver, estoppel, and/or unclean hands.  Plaintiff is also barred by issue preclusion from reasserting or altering its, or its predecessor-in-interest's, position on factual and legal issues that were previously adjudicated.

**PRAYER FOR RELIEF**

WHEREFORE, OnePlus respectfully requests that the Court enter judgment in its favor and against Altpass on Altpass' Complaint, and grant the following relief:

1. Dismissing, with prejudice, Altpass' Complaint in its entirety against OnePlus;
2. Denying all relief that Altpass seeks in its Complaint;
3. Declaring that OnePlus does not now and has never infringed, induced the infringement of, or contributed to the infringement of any valid and enforceable claim of the asserted patents in the Complaint;
4. Declaring that the claims of the asserted patents in the Complaint are invalid;
5. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding OnePlus its costs and attorneys' fees;
6. Awarding OnePlus its costs, expenses, disbursements, and attorneys' fees incurred in

connection with this action; and

7. Awarding OnePlus any other relief the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

OnePlus hereby demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), as to all issues that may be tried by a jury.

## COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, OnePlus counterclaims against Plaintiff Altpass, as follows:

## NATURE AND BASIS OF ACTION

62. Subject to OnePlus's defenses and denials, this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This court also has supplemental jurisdiction over OnePlus's Counterclaims under 28 U.S.C. § 1367.

63. Subject to OnePlus's defenses and denials, and any request to seek transfer of venue under 28 U.S.C. § 1404(a), personal jurisdiction and venue are proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because, among other reasons, Plaintiff has submitted to the venue of this Court by filing its Complaint here.

## FACTUAL ALLEGATIONS

64. On information and belief, Plaintiff purports to be the owner by assignment of the Asserted Patents.

65. OnePlus does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the Asserted Patents.

66. Upon information and belief, all claims of the Asserted Patents are invalid for

failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement)**

67. OnePlus realleges and reincorporates by reference the allegations set forth in Paragraphs 62 through 66, inclusive, of its Counterclaims as if set forth here in full.

68. OnePlus has not infringed, and does not directly or indirectly infringe (such as by inducement or contributory infringement), any valid and enforceable claim of the Asserted Patents and has not otherwise committed any acts of patent infringement or in violation of 35 U.S.C. § 271.

69. An actual case and controversy exists between OnePlus and Plaintiff based on Plaintiff having filed the Complaint against OnePlus alleging infringement of the Asserted Patents.

70. OnePlus has been injured and damaged by Plaintiff's lawsuit.

71. OnePlus therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity)**

72. OnePlus realleges and reincorporates the allegations of Paragraphs 62 through 66, inclusive, of its Counterclaims as if set forth here in full.

73. The claims of the Asserted Patents are invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

74. An actual controversy exists between OnePlus and Plaintiff based on Plaintiff having filed the Complaint against OnePlus alleging infringement of the Asserted Patents.

75. OnePlus has been injured and damaged by Plaintiff's lawsuit.

76. OnePlus therefore seeks a declaration that the Asserted Patents are invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1 et seq.

## PRAYER FOR RELIEF

WHEREFORE, OnePlus respectfully prays for judgment in its favor and against Plaintiff as follows:

a. Dismissing with prejudice Plaintiff's Complaint.

b. Denying Plaintiff any relief against OnePlus.

c. Declaring that the claims of the '078 Patent are invalid.

d. Declaring that the claims of the '725 Patent are invalid.

e. Declaring that the claims of the '415 Patent are invalid.

f. Declaring that the claims of the '078 Patent are not infringed by OnePlus.

g. Declaring that the claims of the '725 Patent are not infringed by OnePlus.

h. Declaring that the claims of the '415 Patent are not infringed by OnePlus.

i. Declaring that this is an exceptional case under 35 U.S.C. § 285 entitling OnePlus to its reasonable attorney fees, expenses, and costs in this action; and

j. Awarding OnePlus such further relief as the Court may deem just and proper.

Dated: October 21, 2020

Respectfully submitted,

/s/ *Michael J. Newton*
Michael J. Newton
Brady Cox
ALSTON & BIRD, LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel: (214) 922-3400
Fax: (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

Emily M. Grand
ALSTON & BIRD, LLP
950 F. Street NW
Washington, DC 20004-1404
Tel: (202) 239-3228
Fax: (202) 239-3333
emily.grand@alston.com

*Attorneys for OnePlus Technology (Shenzhen) Co., LTD*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2020, I caused the forgoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Michael J. Newton*
Michael J. Newton
